# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

THOMAS McGINN, and SHARON McGINN,

    Plaintiffs,

TARGET CORPORATION,

    Involuntary Plaintiff,

v.                                                    Case No. 10-CV-610

J.B. HUNT TRANSPORT, INC.,
ABC INSURANCE COMPANY,
JOHN DOE, NYK LOGISTICS,
DEF INSURANCE COMPANY,
GHI INSURANCE COMPANY, and
JCL INSURANCE COMPANY

    Defendants.

_____

## ORDER

On August 16, 2010, plaintiffs Thomas McGinn ("Mr. McGinn") and Sharon McGinn filed a Motion to Strike Affirmative Defenses (Docket # 10) asserted by defendants NYK Logistics and J.B. Hunt Transport, Inc. ("J.B. Hunt") in their respective Answers (Docket #'s 5, 7). The plaintiffs claim that defendants' affirmative defenses based on the Carmack Amendment, 49 U.S.C. § 14706, are legally insufficient and, thus, it is proper for the court to strike them under Fed. R. Civ. P. 12(f).

### BACKGROUND

This matter arose out of an accident which occurred when plaintiff Mr. McGinn attempted to unload boxes from a trailer that J.B. Hunt delivered to the Target

Distribution Center in Oconomowoc, Wisconsin. Mr. McGinn alleges that he suffered severe personal injuries when the boxes fell and struck him as he entered the trailer to unload the product. (Compl. ¶ 13). Mr. McGinn was an employee of Target Corporation at the time of the accident. (Compl. ¶ 11). The plaintiffs commenced this action in state court alleging the defendants were negligent in the scope of loading or transporting goods. (Compl. ¶ 20). The action was brought to recover damages for personal injuries. (Compl. ¶ 21). After removing the matter to federal court on diversity and federal jurisdiction grounds, J.B. Hunt and NYK Logistics filed answers asserting affirmative defenses that claimed all or part of the plaintiffs' claims may be barred by the Carmack Amendment, 49 U.S.C. § 14706. Specifically, defendants assert that plaintiffs' state law claims may be preempted by the Carmack Amendment and possibly barred by the Amendment's statute of limitations. Plaintiffs then moved to strike these affirmative defenses. For the reasons set forth below, the court will deny plaintiffs' motion to strike.

**DISCUSSION**

**I. MOTION TO STRIKE**

The court may strike any affirmative defenses if they present "an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Typically, courts look with disfavor upon motions to strike because they often serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989). Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present substantial questions of law or fact.

*Id.* Likewise, if the insufficiency of the defense is not clearly apparent on the face of the pleadings, or cannot reasonably be inferred from any state of facts in the pleadings, the motion cannot be granted. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir.1975). "The purpose of such narrow standards is '. . . to provide a party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits.'" *Id.* (quoting *United States v. 187.40 Acres of Land, Huntingdon County, Pa.*, 381 F.Supp. 54, 56 (M.D.Pa.1974)). Thus, affirmative defenses will be stricken only when "it appears to a *certainty* that [the] plaintiff[s] would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (emphasis added). In considering a motion to strike, the court views the challenged pleadings in the light most favorable to the non-moving party. *See Krippelz v. Ford Motor Co.*, No. 98-C-2361, 2003 WL 21087109, at *3 (N.D. Ill. 2003). Moreover, motions to strike will generally be denied unless the portion of the pleading at issue is prejudicial. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d at 1294.

## II.  THE CARMACK AMENDMENT

The Carmack Amendment and its applicability to the plaintiffs' claims is at the core of the parties' present dispute. The Carmack Amendment, presently codified at 49 U.S.C. § 14706, is a section of the Interstate Commerce Act adopted by Congress in 1906. The Amendment deals with the liability of carriers for lost or damaged goods. The relevant portions of the Amendment are:

> A common carrier ... subject to the jurisdiction of the Interstate Commerce Commission ... shall issue a receipt or a bill of lading for property it receives for transportation.... That carrier ... and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission ... are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose lines or route the property is transported into the United States....

49 U.S.C. § 14706(a)(1). It is well established that the Carmack Amendment preempts state law with respect to carrier liability for the loss or damage of goods in interstate commerce. *Charleston & W. Carolina Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597, 603 (1915); *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28 (1936).

### III. ANALYSIS

Here, plaintiffs seek damages for personal injuries, not for damaged property. Therefore, plaintiffs claim the Carmack Amendment does not apply to – and therefore does not preempt – their state law personal injury claims because the Amendment only governs loss or injury to *property* caused by a carrier in the course of interstate shipment. Furthermore, plaintiffs argue that the Amendment does not apply to them since they are not "shippers" as defined by the Amendment. Plaintiffs point to the Carmack Amendment's provision stating that carriers "are liable to the person entitled to recover under the receipt of bill or lading" to support this claim. (Pls.' Br. in Supp. 6) (quoting 49 U.S.C. § 14706(a)(1)).

In response to plaintiffs' first contention, defendants argue that several decisions "squarely apply the Amendment to personal injury claims and hold that the statute preempts various state law claims for personal injuries." (J.B. Hunt Br. in Opposition to Pls.' Mot. to Strike 3-4) (Docket # 15). Defendants also rebut plaintiffs' second argument by asserting that a genuine question exists as to whether the Amendment applies solely to Target Corporation's claims as the "shipper" (the involuntary plaintiff and employer of Mr. McGinn), or whether the Amendment reaches Mr. McGinn's claims, as an employee or agent of Target. Plaintiffs counter that Target is not making an independent claim against the defendants but rather was obliged to join the lawsuit under Wis. Stat. § 102.29, and, therefore, Target's status as a "shipper" is irrelevant to the plaintiffs' individual claims.

The plaintiffs' arguments clearly have merit; however, the defendants also raise legitimate questions regarding the Carmack Amendment's applicability to the case that weigh against plaintiffs' claims of legal insufficiency. Thus, at this stage of the proceedings, it does not appear to a *certainty* that [the] plaintiff[s] would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.,* 944 F.2d at 1400 (emphasis added). Though the defendants' affirmative defenses based on the Carmack Amendment may well turn out to be insufficient as a matter of law, the court finds, based on the evidence now before it, that the more appropriate vehicle for deciding the merits of the defenses is in the context of a dispositive motion or trial. Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Strike Affirmative Defenses (Docket #10), be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge