UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS MCGINN and SHARON MCGINN, <br><br>                      Plaintiffs, <br><br>and <br><br>TARGET CORPORATION, <br><br>                Involuntary Plaintiff, <br><br>v. <br><br>JB HUNT TRANSPORT, INC., NYK LOGISTICS (AMERICAS), INC. and TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, LTD., <br><br>                      Defendants. | Case No. 10-CV-610-JPS <br><br><br><br><br><br>ORDER |

       This case stems from an accident that occurred when plaintiff, Thomas McGinn ("McGinn"), attempted to unload merchandise from a trailer delivered by defendant JB Hunt Transport, Inc. ("JB Hunt") to the Target Distribution Center in Oconomowoc, Wisconsin. McGinn alleges that he sustained severe personal injuries when the merchandise fell and struck him as he entered the trailer. McGinn and his wife filed a complaint against JB Hunt, as well as NYK Logistics (Americas), Inc. ("NYK"), who provided transloading services for the merchandise and NYK's insurer, Tokio Marine & Nichido Fire Insurance Company, Ltd. ("Tokio Marine"). All three defendants have filed motions for summary judgment on the grounds that McGinn's common law negligence claims are preempted by 49 U.S.C.

§ 14706, commonly referred to as the Carmack Amendment. With the benefit of the parties' written submissions, the court is now prepared to rule on the motions.

1. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In other words, in determining whether a genuine issue of material fact exists, the court must construe all reasonable inferences in favor of the non-movant. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983). However, where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," there is no genuine dispute as to any material fact because a complete failure of proof "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of

the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Where a party fails to address another party's assertion of fact, the court may deem it undisputed for purpose of the motion and may grant summary judgment if the movant is so entitled. Fed. R. Civ. P. 56(e)(2), (3); Civ. L. R. 56(b)(4).

2.  Background

Here, the material facts are undisputed and are taken from the parties' briefs and proposed statements of facts, unless otherwise noted. On May 28, 2007, NYK contracted with Target Corporation ("Target")[1] to perform transloading services in California for the transport of gas grills to Target's distribution center in Oconomowoc, Wisconsin. A bill of lading was issued identifying Target as the shipper and JB Hunt as the trucking company in charge of domestic transport. On May 28, 2007, NYK loaded the grills onto the trailer owned by JB Hunt. On June 2, 2007, JB Hunt delivered the grills to Target's distribution center in Wisconsin. Two days later, McGinn, an employee of Target, was about to begin unloading the trailer when he noticed several wet cardboard boxes at the back of the trailer. McGinn and

---

[1] The involuntary plaintiff, Target, is only a party to this action based on its statutory interest pursuant to Wis. Stat. § 102.29 for payment of worker's compensation benefits.

Page 3 of 8

Case 2:10-cv-00610-JPS   Filed 01/17/12   Page 3 of 8   Document 48

a fellow employee observed a hole in the trailer's roof and witnessed one of the boxes spilling out of the trailer onto the loading dock floor. McGinn and his co-worker immediately contacted their supervisor. The supervisor arrived and the three discussed whether or not it was feasible to unload the trailer. At first, they decided to unload the waterlogged product by hand, but later determined that using a forklift may be safer because it would allow the workers to stand further away. While McGinn's co-worker went to retrieve the forklift, McGinn attempted to move an empty pallet from the loading dock area to the back of the trailer. As he was moving the pallet, McGinn turned his back to the open trailer. While in this position, some of the boxes fell from the trailer striking him on the back of the neck. According to McGinn, the boxes fell on him because of the manner in which the defendants loaded and operated the trailer and because of the lack of proper maintenance of the trailer.

3.  Discussion

At its core, the issue before the court concerns the appropriate scope of Carmack Amendment preemption. Specifically, the court must resolve whether the Carmack Amendment preempts the McGinn's claims for personal injury. The Amendment deals with the liability of carriers for lost or damaged goods and provides in pertinent part:

> A common carrier...subject to the jurisdiction of the Interstate Commerce Commission...shall issue a receipt or a bill of lading for property it receives for transportation.... That carrier...and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission...are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for actual loss or injury to the property

> caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose lines or route the property is transported into the United States....

49 U.S.C. § 14706(a)(1). It is well established that the Carmack Amendment preempts state law with respect to carrier liability for the loss or damage of goods in interstate commerce. *Charleston & W. Carolina Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597, 603 (1915); *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28 (1936). However, in the Seventh Circuit, the Carmack Amendment does not preempt claims by shippers[2] that allege liability on grounds that are separate and distinct from the loss of, or damage to, goods that were shipped in interstate commerce. *Gordon v. United Van Lines*, 130 F.3d 282, 289 (7th Cir. 1997).

In *Gordon*, the plaintiff sued her carrier after it failed to deliver, and ultimately destroyed, several heirlooms during her relocation. 130 F.3d at 284. The plaintiff asserted several grounds of relief for the destruction of her property, including fraud, breach of contract, and willful and wanton conduct. *Id.* The Seventh Circuit held that the Carmack Amendment preempted all of those claims because those claims were essentially based on "the contract of carriage, in which the harm arises out of the loss of or damage to goods." *Id.* at 284, 289 (citing *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407 (7th Cir.1987). However, the Seventh Circuit held that the plaintiff's

---

[2] The parties dispute whether McGinn was a shipper within the meaning of the Amendment. The defendants claim that as an agent of Target, the indisputable shipper in this case, McGinn's claims may be subject to Carmack Amendment preemption. McGinn disagrees. However, because the court ultimately concludes that McGinn's claims are not preempted by the Carmack Amendment on other grounds, it is unnecessary to address this issue in depth. Suffice it to say that the court assumes McGinn is a shipper for purposes of this Order.

Page 5 of 8

claim for intentional infliction of emotional distress survived Carmack Amendment preemption. *Id.* at 289; *But see Hughes,* 829 F.2d at 1410, 1412 n. 5 (holding that the Carmack Amendment preempted state common law remedies, including negligent infliction of emotional distress). The Seventh Circuit reasoned that "a number of situations" may exist "in which a carrier might remain liable to a shipper for certain kinds of separate and independently actionable harms that are distinct from the loss of, or the damage to the goods." *Id.* at 289.

This is one such situation. Here, based on the Seventh Circuit's holding in *Gordon*, the court finds that the plaintiffs' claims are not preempted by the Carmack Amendment because they allege a separate, independently actionable harm from the loss of or damage to the goods. In the case at hand, the harm is infliction of bodily injury, not property loss or damage. Supporting this finding, is the fact that the plaintiffs' potential measure of damages is not at all correlative to the loss or damage to the goods. Indeed, it is not even clear that the goods involved in the accident were, in fact, damaged. The bottom line is that McGinn is not seeking a remedy for damaged or lost goods. He is seeking a remedy for bodily injuries sustained due to NYK's negligent loading of the goods and JB Hunt's failure to maintain and inspect the trailer on which the goods were transported.

To be clear, the plaintiffs' claims certainly have some association with the transfer of goods. Indeed, McGinn would not have been injured but for his unloading of goods that were shipped in interstate commerce. Yet, the relevant inquiry is not whether there is some association between the claim and the transport but, rather, whether the state law claim is really a claim for

damages to the shipper's goods in disguise. *See Gordon*, 130 F.3d at 289. For this inquiry, it is necessary to ask what damages are being sought.

While some courts have chosen a broader scope for Carmack Amendment preemption, looking to whether the conduct underlying the claim is separate and distinct from the delivery, loss of, or damage to goods, instead of asking whether the resulting harm is separate and distinct, this court finds such an interpretation of the Carmack Amendment's scope of preemption to be flawed. *See Smith v. United Parcel Service,* 296 F.3d 1244 (11th Cir. 2002) (all state law claims are preempted by Carmack unless they are based on "separate and distinct conduct rather than injury."). For one thing, the plain language of the statute limits the carrier's liability to the "actual loss or injury to the property" damaged en route. 49 U.S.C. § 14706(a)(1). Moreover, the purpose of the Carmack Amendment was to "establish uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." *Hughes,* 829 F.2d at 1415. Thus, to expand Carmack Amendment preemption to cases in which a plaintiff seeks to hold a carrier liable, not for damage or loss of the goods, but rather for personal injuries allegedly caused by the carrier's negligence in the transport of those goods, would seem to be at odds with both the plain language of the statute and the purpose behind its enactment. The Seventh Circuit's decision in *Gordon* recognizes as much. Therefore, this court declines to expand the scope of Carmack Amendment preemption to the circumstances of this case. Accordingly, the court will deny the defendants' motions for summary judgment.

Accordingly,

IT IS ORDERED that defendants' – NYK Logistics (Americas) Inc., and Tokio Marine & Nichido Fire Insurance Company Ltd. – motion for summary judgment (Docket #35) be and the same is hereby DENIED; and

IT IS ORDERED that defendant JB Hunt Transport Inc.'s motion for summary judgment (Docket #39) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge